IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:02CR414 |
| vs. | ) | |
| | ) | ORDER |
| ADAM SAUNSOCI, | ) | |
| | ) | |
| Defendant. | ) | |

      Defendant Adam Saunsoci(Saunsoci) appeared before the court on February 5, 2008, on the Petition for Warrant or Summons for Offender Under Supervision (Report) (Filing No. 45). Saunsoci was represented by Assistant Federal Public Defender Jessica P. Douglas and the United States was represented by Assistant U.S. Attorney Michael P. Norris. Through his counsel, Saunsoci waived a probable cause hearing on the Report pursuant to Fed. R. Crim. P. 32.1(a)(1). I find there is probable cause that Saunsoci has violated the conditions of his supervised release as alleged, and Saunsoci should be held to answer for a final dispositional hearing before Chief Judge Joseph F. Bataillon.

      The government moved for detention. Through counsel, Saunsoci declined to present any evidence but requested release so that he could attend an outpatient substance abuse treatment program and be employed at Casino Omaha. Since it is Saunsoci's burden under 18 U.S.C. § 3143 to establish by clear and convincing evidence that he is neither a flight risk nor a danger to the community, I find he has failed to do so. In light of the violations of supervised release as alleged in the Report and the detainer placed with the U.S. Marshal by Thurston County authorities, Saunsoci is a flight risk and a danger to the community. Saunsoci will be detained pending a dispositional hearing before Chief Judge Bataillon.

      **IT IS ORDERED**:

      1.    A final dispositional hearing will be held before Chief Judge Joseph F. Bataillon in Courtroom No. 5, Third Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **at 2:30 p.m. on February 25, 2008.** Defendant must be present in person.

      2.    Defendant Adam Saunsoci is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility;

      3.    Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

      4.    Upon order of a United States court or upon request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

      DATED this 5th day of February, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge